IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, et al., | No. C 05-3022 SBA |
| Plaintiffs. | **ORDER** |
| v. | [Docket No. 7] |
| MIKE NELSON COMPANY, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiffs' Motion for Default Judgment and Attorneys' Fees against Defendant Mike Nelson Company, Inc.("Defendant"). Defendant has made no appearance in this case, and filed no response to this motion. Having read and considered the papers submitted to the Court, pursuant to Civil Local Rule 7-1(b) the Court finds the matter appropriate for resolution without a hearing. The Court HEREBY GRANTS Plaintiffs' Motion for Default Judgment.

## BACKGROUND

Plaintiffs[1] are employee benefit plans pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1011 et seq. ("ERISA"). The Joint Boards of Trustees of those benefit plans are the benefit plans' named fiduciaries under ERISA § 402(a), 29 U.S.C. § 1002(a). Fred Inman is a Chairman and David Ayala is the Secretary of the Joint Boards of Trustees of the Plaintiff Funds, and are fiduciaries of those Funds. On July 26, 2005, Plaintiffs filed a complaint to compel Defendant to make payment on employee benefit contributions due and unpaid during the period from April through

---

[1] Plaintiffs are: Bay Area Painters and Tapers Pension Fund, Bay Area Painters and Tapers Health Fund, Bay Area Painters and Tapers Beneficial and Holiday Fund, Bay Area Painters and Tapers Joint Apprenticeship Training Funds, and their Joint Boards of Trustees, Fred Inman, David Ayala and District Council 16 of the International Union of Painters and Allied Trades.

June 2005, and any additional contributions and dues payable to Plaintiffs at the time of judgment. [Docket No. 1]. Defendant was served with the summons and complaint on August 10, 2005.

Defendant has failed to answer, move to dismiss the complaint, or to otherwise make an appearance in this action. Consequently, on August 31, 2005, the Clerk of this Court entered default against Defendant [Docket No. 6]. Plaintiffs presently move the Court for default judgment.

In support of their motion, Plaintiffs have provided portions of the collective bargaining agreement between Painters' Local Union 294 and The Fresno FCA (the "collective bargaining agreement"). Michele Stafford Declaration ("Stafford Decl.") Ex. A. Defendant is a signatory to this agreement. Complaint ¶ 11; Stafford Decl. ¶ 3 & Ex. A. Pursuant to the collective bargaining agreement, Defendant agreed to submit to Plaintiffs monthly reports of hours worked by its employees, and to regularly pay to Plaintiffs certain sums of money based on the number of monthly hours worked by Defendant's employees. Complaint ¶ 13. According to Plaintiffs, Defendant has made only a partial payment of contributions owed for hours worked during the month of April, 2005, and has failed to make any payment of contributions owing to Plaintiffs for hours worked for the months of May and June, 2005. Complaint ¶ 14.

At the time the motion for default judgment was filed, on September 26, 2005, Plaintiff sought judgment in the amount of $77,353,35 for unpaid contributions due from April, May, June, July, and August, 2005, 10% liquidated damages and interest thereon, and attorneys fees and costs. On November 22, 2005, Plaintiffs filed a Supplemental Declaration and Amended Proposed Judgment in which they request a new total of $100,697.70. This new amount includes unpaid contributions due from September and October, 2005, attorneys fees incurred since the filing of the original motion for default judgment, and additional interest accrued on the contributions owed at the time the original motion was filed. [Docket Nos. 14 & 15.]

**LEGAL STANDARD**

**A.     Procedural Considerations in Granting a Default Judgment**

There is a two-step process to secure a default judgment pursuant to Federal Rule of Civil Procedure 55. First, plaintiffs must seek an entry of default under Federal Rule of

2

1 Civil Procedure 55(a). Once the default is entered, plaintiffs may then seek a default
2 judgment. *See* Fed. R. Civ. P. 55(b)(1) and (2). As noted above, on August 31 2005, the
3 Clerk of the Court entered default entered against Defendant. Thus, the only question
4 remaining is whether Plaintiffs are entitled to default judgment.

5      A formal hearing on a default judgment motion is not required in every case. *See
6 U.S. v. DeFrantz*, 708 F.2d 310, 312-13 (7th Cir. 1983) (finding that district court did not err
7 in refusing to hold a hearing where the motion for default judgment indicated the amount of
8 damages sought); *see also Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (emphasis
9 added) ("It is well settled that a default judgment for money may not be entered without a
10 hearing *unless* the amount claimed is a liquidated sum or capable of mathematical
11 calculation."). Moreover, the Court may adjudicate a motion for default judgment based on
12 the affidavits submitted by the parties. *E.g., Transportes Aereos De Angola v. Jet Traders
13 Invest. Corp.*, 624 F.Supp. 264 (D.Del. 1985).

14 **B.     Substantive Considerations in Granting a Default Judgment**

15      The decision of whether to grant or deny a request for default judgment lies within
16 the sound discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.
17 1980) (affirming denial of motion for default judgment and *sua sponte* dismissal of
18 plaintiff's claims). A default judgment may be denied where the Court determines that no
19 justifiable claim has been alleged or that default judgment is inappropriate for other reasons.
20 In exercising its discretion, the district court is guided by consideration of the following
21 factors:

22      (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's
23 substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6)
24 whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the
25 merits.

26 *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (affirming denial of motion for
27 default judgment where district court had serious reservations concerning the substantive
28 merit of the claims, a large amount of damages were at issue, and there was a factual dispute

with regard to the matters alleged in the pleadings).

## DISCUSSION

In support of their motion, Plaintiffs submitted the Declarations of Michele Stafford, Counsel for Plaintiffs, and Rose Cortez, an employee of the administrator of the Plaintiff Trust Funds.

Plaintiffs have introduced evidence which clearly supports their claims under ERISA. The collective bargaining agreement expressly obligates Defendant to make contributions to its employees' trust funds. *See* Michele Stafford Declaration ("Stafford Decl."), Ex. A Art. 3, Ex. B Art. 7 ¶ 1. Furthermore, Defendant is required to submit monthly reports to Plaintiffs. *See* Stafford Decl., Ex. A Art. 4 ¶ B, Ex. B Art. 7 ¶ 7(a). Defendant has made absolutely no response to this action. The Court therefore FINDS that Plaintiffs are clearly entitled to judgment in their favor, and ORDERS Defendant to submit the monthly transmittal reports as required under the collective bargaining agreement.

In addition to the owed monthly employer contribution transmittals, Plaintiffs request the principal, liquidated damages and interest owed thereon. The production of the monthly transmittals is proper given the evidence Plaintiffs have provided with regard to the obligation of Defendants to make monthly contributions under the collective bargaining agreement. However, this amount is currently unknown, and only estimated.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to ... determine the amount of damages ... the court may conduct such hearings or order such references as it deems necessary and proper ..." F.R.C.P. 55(b)(2). The Court FINDS that determination of the total amount of monetary damages owed, and all matters connected with that determination, is appropriate for adjudication by a magistrate judge.

## CONCLUSION

IT IS HEREBY ORDERED THAT default judgment be entered against Defendant Mike Nelson Company, Inc. The Court finds that the determination of the total amount of damages owed as a result of this judgment is appropriate for adjudication by a magistrate.

Accordingly,

(1) Pursuant to Civil Local Rule 72-1, all matters concerning the amount of monetary damages, costs and attorneys' fees owed to Plaintiffs are referred to a Magistrate Judge.

(2) The Magistrate Judge shall supervise and issue findings and recommendations regarding Plaintiffs' application for fees and all matters connected thereto.  The Magistrate Judge shall file the findings and recommendations with the Clerk of the Court and serve a copy on the parties in this action.

(3) Unless otherwise provided, within 10 days of the service of the findings and recommendations, any party may serve and file objections thereto, together with notice setting the objections for hearing before this Court.  The objecting party shall note each particular finding and recommendation to which an objection is made, shall note the legal authority for the objection, and shall propose alternative findings or recommendations.

(4) Unless otherwise provided, within 10 days of the service of the objections, any party may serve and file a response thereto.  Within 5 days of the service of the response, the objecting party may file a reply thereto.

(5) The memoranda and other papers filed in support of the objections, in opposition thereto, and reply shall conform with Civil Local Rules 7-1 to 7-12.

(6) This Court's review of the findings and recommendations and objections thereto will conform with Civil Local Rule 72-3.

IT IS FURTHER ORDERED THAT Defendant Mike Nelson Company, Inc. shall file remittance reports with Plaintiffs on a monthly basis as is required by the underlying collective bargaining agreement.

The Case Management Conference is hereby cancelled and there is no need for further appearance.

IT IS SO ORDERED.

*Saundra B Armstrong*

5

United States District Court
For the Northern District of California

1  Dated: 12/19/05                                SAUNDRA BROWN ARMSTRONG
                                                  United States District Judge
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28