United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAY AREA PAINTERS AND TAPERS PENSION FUND, *et al.*,

Plaintiffs,

v.

MIKE NELSON CO., INC.,

Defendant.
_________________________________/

No. C-05-3022 SBA (EMC)

**REPORT AND RECOMMENDATION RE AMOUNT OF DAMAGES ON DEFAULT JUDGMENT**

## I. <u>REPORT</u>

On December 19, 2005, the Court entered an order granting Plaintiffs' Motion for Default Judgment on their claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1011 et seq. ("ERISA") (Docket No. 16). The matter has been referred to the undersigned for findings and recommendations as to the amount of damages owed to Plaintiffs by Defendant Mike Nelson Company, Inc. ("Defendant").

Plaintiffs are trustees of employee benefit plans established under the Collective Bargaining Agreements of District Council 16 of the Bay Area Painters and Tapers. Stafford Decl., ¶ 2. Under 29 U.S.C. § 1132(g)(2), a court shall award a fiduciary who prevails in an action to enforce payment of delinquent employee benefit contributions: (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages as specified in the plan (generally not to exceed 20 percent of the unpaid contributions), (D) reasonable attorney's fees and costs, and (E) other appropriate legal or equitable

United States District Court
For the Northern District of California

relief. *See* 29 U.S.C. § 1132(g)(2); *see also* Compl. at 5-6 (prayer for relief, seeking liquidated damages, unpaid contributions, attorney's fees, interests, and other appropriate relief).

"To be entitled to a mandatory award under § 1132(g)(2), the following three requirements must be satisfied: (1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award." *Northwest Administrators, Inc. v Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996). Here, Plaintiffs have satisfied the three requirements for a mandatory award under § 1132(g)(2): (1) a delinquency existed when Plaintiffs filed this action on July 26, 2005, Cortez Decl., ¶ 2; (2) the District Court has entered an order granting the motion for default judgment in favor of Plaintiffs, docket no. 16; and (3) the Bay Area Painters and Tapers Pension Fund Trust Agreement (the "Trust Agreement") authorizes an award of liquidated damages, interest and reasonable attorneys' fees in the event of delinquency. Stafford Decl., Exh. B at B-4, B-5.

In their motion for default judgment and supplemental pleadings, Plaintiffs ask for (1) any unpaid contributions from April 2005 to January 2006; (2) liquidated damages for any delinquent contributions; (3) interest incurred thereon; and (4) attorney's fees and costs. Mot. at 2-3; Suppl. Stafford Decl., ¶¶ 4-6; Second Suppl. Stafford Decl., ¶¶ 6-8. Plaintiffs have the burden of "proving up" their damages. *See Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F.Supp.2d 1222, 1226 (N.D. Cal. 2005) ("Plaintiff has the burden of proving damages through testimony or written affidavit.").

A. <u>Unpaid Contributions</u>

Plaintiffs assert that, from April 2005 to the present, Defendant failed to make the full contribution for the month of April 2005, *see* Mot. at 2; and failed to make any contributions owed for hours worked between May 2005 and January 2006. *Id.; See* Second Suppl. Stafford Decl., ¶ 2 and Exh. A. Plaintiffs contend that Defendant owes the following unpaid contributions:

///

///

///

///

| | |
|---|---:|
| April 2005 (unpaid balance) | $12,809.38 |
| May 2005 | $16,419.39 |
| June 2005 | $9,846.71 |
| July 2005 | $11,235.09 |
| August 2005 | $12,650.05 |
| September 2005 | $11,435.03 |
| October 2005 | $5,540.66 |
| November 2005 | $1,207.33 |
| December 2005 | $4,706.28 |
| January 2006 | $1,849.45 |
| **Total** | **$87,699.37** |

Second Suppl. Stafford Decl., ¶ 8 and Exh. A thereto; Cortez Decl., ¶ 2 and Exh. A thereto; Third Suppl. Stafford Decl., ¶ 4 and Exhs. A and B.

The Court finds that Plaintiffs have met their burden of proving unpaid contributions for April 2005 through January 2006, in the amount of $87,699.37. Rose Cortez, an employee of Associated Third Party Administrators, the administrator of the plaintiff Trust Funds, submitted a declaration stating that Defendant failed to make timely payments of contributions for hours worked during the period of April 2005 through June 2005. Cortez Decl., ¶ 2. As the person responsible for receiving and recording monthly reports and contributions to the Funds and for calculating and billing employees for liquidated damages to due to Plaintiff Trust Agreements, she has provided competent testimony based on her review of the records. Cortez Decl., ¶¶ 1 & 2. Defendant's contributions are due and payable on the last day of the month the hours are worked by the employees, and are delinquent if not paid by the 20th of the following month. Stafford Decl., Exh. A at 31 (Master Agreement between Painters' Local Union 294 and the Fresno FCA (the "Bargaining Agreement") for the period July 31, 2000 through June 30, 2005). *See* Cortez Decl., ¶ 3. On July 5, 2005, Plaintiffs' counsel received a check in the amount of $16,616.05 from one of Defendant's general contractors. Third Suppl. Stafford Decl., ¶ 4. That payment was sent to the Trust Funds' administrator and applied to the amounts owed for April 2005, leaving a balance of

$12,809.38 *Id.* Moreover, Plaintiffs have provided monthly remittance reports for the period April 2005 - January 2006, indicating the amount of contributions owed for each month. Cortez Decl., Exh. 4; Second Suppl. Stafford Decl., Exh. A; Third Suppl. Stafford Decl., Exhs. A and B.

Plaintiffs may recover unpaid contributions which came due after the lawsuit was filed on July 26, 2005. *See Roofers Local Union No. 81 v. Wedge Roofing, Inc.*, 811 F.Supp. 1398, 1401-02 (N.D. Cal. 1992) (holding that statutory damages were available for unpaid contributions which became delinquent after complaint was filed, to avoid requiring plaintiff Trust Funds to file multiple lawsuits). The Court finds that unpaid contributions total $87,699.37 for the months claimed (April 2005 through January 2006).

B. <u>Liquidated Damages</u>

In addition to unpaid contributions, Plaintiffs also seek liquidated damages pursuant to the Master Agreement between Painters' Local Union 294 and the Fresno FCA (the "Bargaining Agreement") which governed the period July 31, 2000 through June 30, 2005. Stafford Decl., Exh. A. Liquidated damages are recoverable under ERISA, as provided in the plan, in an amount not to exceed twenty percent. *See* 29 U.S.C. § 1132(g)(2)(C)(ii) (authorizing liquidated damages provided for under the plan). Article 4.C of the Bargaining Agreement provides that liquidated damages of ten percent shall be imposed on delinquent payments. Stafford Decl., Exh. A. Furthermore, the Trust Agreement provides that the employer shall pay liquidated damages in the event of delinquency in the amount of ten percent of the amount due or thirty dollars, whichever is greater. *Id.*, Exh. B at B-4 (Trust Agreement, Art. VII, ¶ 7.b).

The liquidated damages are calculated as follows:

| | |
|---|---:|
| April 2005 | $2,942.54 |
| May 2005 | $1,641.94 |
| June 2005 | $984.67 |
| July 2005 | $1,123.51 |
| August 2005 | $1,265.00 |
| September 2005 | $1,143.50 |
| October 2005 | $554.06 |

| | |
|---|---|
| November 2005 | $120.73 |
| December 2005 | $470.63 |
| January 2006 | $184.95 |
| **Total** | **$10,431.53** |

As to the amount owed for work done in April 2005, Plaintiffs seek as liquidated damages ten percent of the total amount due for that month (including the partial payment of $16,616.05), rather than the balance due after Defendant made partial payment. Second Suppl. Stafford Decl. at 4, n.2. The partial payment was not paid until July 5, 2005. Third Suppl. Stafford Decl., ¶ 2. The Trust Agreement provides for damages in the event of “failure to pay in full within the time limits.” The Bargaining Agreement provides for liquidated damages if payment is not made by the 20th of the subsequent month and sets such damages at 10% if made more than two (2) months after the last day of the month for which a contribution is owed. Bargaining Agreement, Article 4.B.and C. Plaintiffs’ damages calculation is therefore reasonable under the terms of the parties’ agreement. *See* Stafford Decl., Exh. B. As the amount Plaintiffs seek is permitted by contract and statute, the Court finds an award of liquidated damages in the amount of $10,431.53 is proper.

C. Interest

Plaintiffs seeks interest of seven percent per annum interest on delinquent contributions, combined with the liquidated damages. Under ERISA, Plaintiffs may recover interest based on the rate set by the employee benefit plan. *See* 29 U.S.C. § 1132(g)(2)(C)(i). Under the Trust Agreement, Defendant agreed to pay interest on unpaid contributions “at the rate of the prime rate as published in the Wall Street Journal plus two (2%) percent per annum until paid.” Stafford Decl., Exh. B at B-5 (Trust Agreement, Art. VII, ¶ 7.b). It is proper to award both liquidated damages and interest if so provided in the agreement. *See Operating Engineers Local 139 Health Benefit Fund v. Gustafson Construction Corp.*, 258 F.3d 645, 654 (7th Cir. 2001) (holding that section 1132(g)(2) is a penalty statute which permits ERISA plans to choose between either liquidated damages plus interest, or double interest).

United States District Court
For the Northern District of California

Plaintiffs have calculated the interest at seven percent per annum on the combined total of contributions and liquidated damages due up to March 15, 2006.[1] *Id.* (providing that liquidated damages shall become part of the amount due and unpaid, and shall bear interest).

The Court finds that the Trust Agreement provides for interest on the sum of unpaid contributions and liquidated damages, and that this method of calculating interest is not prohibited by Section 1132(g)(2). As summarized below, the Court has calculated the interest on the sum of unpaid monthly contributions plus liquidated damages at seven percent per annum, based on the number of days each monthly contribution is past due as of March 15, 2006, and the daily interest rate in the event that interest must be calculated past March 15, 2006.

| Work Month | # Days Past Due as of 3/15/06 | Daily Rate | Interest through 3/15/06 |
|---|---|---|---|
| April 2005 - until partial payment on 7/5/05 | 46 days @ $6.21 per day | | $285.66 |
| April 2005 - unpaid balance | 251 days | $3.02 | $758.02 |
| May 2005 | 268 days | $3.46 | $928.58 |
| June 2005 | 237 days | $2.08 | $492.31 |
| July 2005 | 207 days | $2.37 | $490.68 |
| August 2005 | 176 days | $2.67 | $469.68 |
| September 2005 | 146 days | $2.41 | $352.20 |
| October 2005 | 115 days | $1.17 | $134.42 |
| November 2005 | 85 days | $0.25 | $21.65 |
| December 2005 | 54 days | $0.99 | $53.25 |
| January 2006 | 23 days | $0.39 | $8.97 |
| **Total** | | **$18.81** | **$3,995.42** |

Cortez Decl., ¶ 2; Second Suppl. Stafford Decl., ¶ 6.

---

[1] Plaintiffs have not submitted evidence of the Wall Street Journal Prime Rate at the time of delinquency. The Court has found that the current WSJ prime rate is published at 7.5%, and that the rate last year was 5.5%. As Plaintiffs' proposed interest rate of 7% appears reasonable in light of these rates and the Trust Agreement, the Court recommends adopting Plaintiffs' proposed rate.

United States District Court
For the Northern District of California

The Court finds an award of interest in the amount of $3,995.30 as of March 15, 2006 plus $18.81 for each day thereafter is proper.

D. Attorney's Fees and Costs

Finally, Plaintiffs ask for reasonable fees and costs they have incurred in bringing this action to recover unpaid contributions. Under ERISA, reasonable attorneys' fees and costs of the action may be awarded to a fiduciary that receives a judgment in its favor. 29 U.S.C. 1132(g)(2)(D). The Trust Agreement also provides for attorneys' fees and costs for delinquent contributions. Stafford Decl., Exh. B at B-5 (Trust Agreement, ¶ 8).

1. Attorneys' Fees

Plaintiffs seek the following attorneys' fees:[2]

| | | |
|---|---|---|
| 5/18/05-9/21/05: | Michele Stafford (7.7 hours @ $160/hour) | $1,232.00 |
| | and (6.1 hours @ $165/hour) | $1,006.50 |
| | Muriel Kaplan (11.6 hours @ $165/hour) | $1,914.00 |
| | and (5.2 hours @ $170/hour) | $884.00 |
| | Tamra Brown (0.2 hour @ $95.00/hour) | $19.00 |
| | and (10.2 hours @ $97.50/hour) | $994.50 |
| 9/22/05-11/22/05: | Michele Stafford (3.5 hours @ $165/hour) | $577.00 |
| | Tamra Brown (5.0 hours @ $95.00/hour) | $475.00 |
| 11/22/05-2/27/06: | Michele Stafford (4.5 hours @ $165/hour) | $742.50 |
| | Muriel Kaplan (3.5 hours @ $170/hour) | $595.00 |
| | Tamra Brown (1.0 hour @ $97.50/hour) | $97.50 |
| **Total claimed fees** | | **$8,537.00** |

Stafford Decl., ¶ 6; Suppl. Stafford Decl., ¶ 5; Second Suppl. Stafford Decl., ¶ 7.

///

///

///

[2] Because of the discrepancy in the total amount of fees stated in the papers, the Court bases its findings and calculations on the hourly rates sought by each attorney. *Cf.* Second Suppl. Stafford Decl., ¶ 8, seeking $8,686.50 in total fees.

United States District Court
For the Northern District of California

Unlike a discretionary fee award under § 1132(g)(1),[3] a fee award under § 1132(g)(2) is mandatory. *See Kemmis v. McGoldrick*, 706 F.2d 993, 997 (9th Cir. 1983) (noting that § 1132(g)(2) "now makes the award of attorney's fees mandatory when the trustees prevail in actions to enforce and collect benefit fund contributions"). Courts may, however, consider the reasonableness of a fee award under § 1132(g)(2). *See id.* at 997-98 (citing *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir. 1980)). In *Hummel*, the Court of Appeals identified five factors that a court should consider in determining whether an award of attorney's fees is appropriate under ERISA – *i.e.*, (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *See Hummell v. S.E. Rykoff & Co.*, 634 F.2d at 453.

Here, (1) Plaintiffs have demonstrated Defendant's culpability in failing to make employee benefit contributions for hours worked; (2) Defendant should be able to satisfy the fee award upon payment from several general contractors, Second Suppl. Stafford Decl., ¶ 9; (3) an award of fees would deter other employers from withholding employee benefit contributions; (4) Plaintiff Trust Funds are fiduciaries over the employee benefit plans which benefits participants; (5) Plaintiff has demonstrated the merits of its action to recover unpaid contributions that are owed under the Benefit Agreement and Trust Agreement.

In the instant case, the attorneys' fees sought by Plaintiffs are generally reasonable, both in terms of hours and rate. The attorneys have engaged in negotiations with Defendant and general contractors, preparation and filing of the Complaint, communications with Defendant, clients, and Plaintiffs' administrator about delinquencies, preparation of the Request for Default and Motion for Default Judgment, calculation of amounts owed, contact with the Court about conference dates, and

[3] Section 1132(g)(1) provides as follows: "In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

United States District Court
For the Northern District of California

preparation of supplemental briefing. Stafford Decl., ¶ 6; Second Suppl. Stafford Decl., ¶ 7. Having spent 46.9 hours on these activities is not excessive. The hourly rates are reasonable.

Accordingly, the Court finds the Trust may properly be awarded fees in the amount of $8,537.00.

2. Costs

Sections 1132 (g)(1) and 1132(g)(2) specify that not only attorney's fees but also costs are recoverable. In *Agredano v. Mutual of Omaha Cos.*, 75 F.3d 541 (9th Cir. 1996), the Ninth Circuit held that the allowance for costs under § 1132(g)(1) "empowers courts to award only the types of 'costs' allowed by 28 U.S.C. § 1920, and only in the amounts allowed by section 1920 itself, by 28 U.S.C. § 1821 [providing for witness fees] or by similar such provisions." *Id.* at 544. Given this was the Ninth Circuit's approach for § 1132(g)(1), it is reasonable to apply the same approach to awarding costs under § 1132(g)(2).

Plaintiffs should be awarded as costs the filing fee of $250 and the service-of-process fees of $75, for total costs of $325. Stafford Decl., ¶ 7. *See* 28 U.S.C. § 1920 (stating that a court may tax as costs fees of the clerk and marshal); Civ. L.R. 54-3(a)(1) ("The Clerk's filing fee is allowable if paid by the claimant."); Civ. L.R. 54-3(a)(2) ("Fees for service of process by someone other than the marshal acting pursuant to FRCivP 4(c), are allowable to the extent reasonably required and actually incurred.").[4]

///

///

///

///

///

///

///

---

[4] *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) ("We think the better view is that § 1920 defines the term 'costs' as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d).").

## II. RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiffs be awarded damages as follows: $87,699.37 for unpaid contributions; $10,431.53 for liquidated damages; $3,995.42 for interest as of March 15, 2006; $8,537.00 for attorney's fees; and $325 for costs. The total recommended judgment is $110,998.32.

Any party may file objections to this report and recommendation with the district judge within ten days of being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

Dated: March 15, 2006

EDWARD M. CHEN
United States Magistrate Judge